UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VICTOR MANUEL PEREZ ORTIZ, A-209-797-523,<br>Petitioner,<br>v.<br>WARDEN, GOLDEN STATE ANNEX DETENTION FACILITY, et al.,<br>Respondents. | No. 1:26-cv-05177 TLN AC<br><br>FINDINGS & RECOMMENDATIONS |

Petitioner, an immigration detainee proceeding pro se, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging his detention by the Department of Homeland Security ("DHS") and U.S. Immigration and Customs Enforcement ("ICE"). ECF No. 1. Specifically, petitioner argues that his prolonged detention with a bond hearing violates his federal due process rights under the Fifth Amendment. Id. at 15. For the reasons discussed below, the court recommends that petitioner's request for habeas relief be denied without prejudice.

I. Factual Background

Petitioner is a native and citizen of Guatemala who previously entered the United States without inspection. ECF No. 8-1. He was arrested and processed as an expedited removal in February 2017. ECF Nos. 8-1, 8-2. Petitioner was removed from the United States on March 3,

2017. ECF No. 8-1 at 3. Petitioner reports that he re-entered the Unites States without inspection in January 2018 and has remained here since that time. ECF No. 8-1 at 3. He has no criminal history. Id. Petitioner was arrested by ICE officials in Sacramento, California, on June 19, 2026, during a targeted enforcement operation against a different individual, and he has remained in immigration detention since that date. Id.

DHS processed petitioner's case as a Reinstatement of Prior Order of Removal, and petitioner was provided the Notice of Intent/Decision to Reinstate Prior Order on June 19, 2026, but he refused to sign. ECF No. 8-2 (Form I-871). Petitioner also expressed fear of persecution or torture should he be removed to Guatemala. ECF No. 8-1 at 3.

On June 30, 2026, an asylum officer interviewed petitioner and determined he did not have a reasonable fear of persecution or torture. ECF No. 8-3. On July 17, 2026, an immigration judge ("IJ") considered petitioner's testimony but concurred with the asylum officer's finding and returned the case to DHS to effectuate removal. ECF No. 8-4. The IJ's determination was not appealable to the Board of Immigration Appeals. See 8 C.F.R. § 1208.31(g)(1).

II. Procedural History

On July 6, 2026, the court received the petition for writ of habeas corpus, which challenges petitioner's detention under 28 U.S.C. § 2241. ECF No. 1. On July 8, 2026, Chief District Judge Troy Nunley referred this matter to the undersigned for further proceedings pursuant to Local Rule 302 and 28 U.S.C. § 636(b)(1)(B). ECF No. 5. The undersigned directed respondents to show cause why the petition should not be granted, and to substantively address whether there are any factual or legal issues that materially distinguish this case from several of the court's prior orders. ECF No. 7.

On July 21, 2026, respondents opposed petitioner's petition, arguing this case is distinguishable from the cases cited by the court because petitioner is properly detained pursuant to 8 U.S.C. § 1231(a) while the government reinstates his removal order. ECF No. 8 at 2. Because at the time of the government's response "petitioner [had] been detained for less than one month," respondents argued that his detention was presumptively reasonable "and will continue to be so for five more months, absent sufficient rebuttal evidence" that his removal is not

significantly likely to occur in the reasonably foreseeable future. Id. at 3 (citing Johnson v. Guzman Chavez, 594 U.S. 523, 529 (2021), Zadvydas v. Davis, 533 U.S. 678, 689 (2001)). Finally, respondents argue that 8 U.S.C. § 1252(g) divests the court of jurisdiction over petitioner's habeas claims because "[p]etitioner is detained to execute his final order of removal" and he has no right to appeal the IJ's decision. Id. at 3.

## III. Legal Standard

A writ of habeas corpus may be granted to anyone who is held in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2241(c)(3); Magana-Pizano v. I.N.S., 200 F.3d 603, 609 (9th Cir. 1999) ("28 U.S.C. § 2241 expressly permits the federal courts to grant writs of habeas corpus to aliens when those aliens are 'in custody in violation of the Constitution or laws or treaties of the United States.'" (citations omitted)). In federal habeas proceedings, the petitioner is required to prove their case by a preponderance of the evidence. Davis v. Woodford, 384 F.3d 628, 638 (9th Cir. 2004).

## IV. Discussion

### A. Petitioner's Post-Removal Order Detention

When a non-citizen re-enters the United States illegally after previously being removed under a removal order, "the prior order of removal is reinstated from its original date and is not subject to being reopened or reviewed." 8 U.S.C. § 1231(a)(5).[1] Detention of non-citizens subject to a reinstated order of removal, including when that individual seeks withholding of removal, is governed by 8 U.S.C. § 1231. Id. at 526. The statute provides that when a non-citizen is ordered removed, they shall be removed within ninety days, which is referred to as the "removal period." 8 U.S.C. § 1231(a)(1)(A). After the removal period, the government "may" continue to detain four designated categories of noncitizens:

[1] Although § 1231(a)(5) prevents an order of removal from being reopened or reviewed, "[i]t does not . . . preclude an alien from pursuing withholding-only relief to prevent DHS from executing his removal to the particular country designated in his reinstated removal order." Johnson v. Guzman Chavez, 594 U.S. 523, 530 (2021) (citing Fernandez-Vargas v. Gonzales, 548 U.S. 30, 35 n.4 (2006); 8 U.S.C. § 1231(b)(3)(A)).

> An alien ordered removed who is inadmissible under section 1182 of this title, removable under section 1227(a)(1)(C), 1227(a)(2), or 1227(a)(4) of this title or who has been determined by the Attorney General to be a risk to the community or unlikely to comply with the order of removal, may be detained beyond the removal period and, if released, shall be subject to the terms of supervision in paragraph (3).

8 U.S.C. § 1231(a)(6); Johnson v. Arteaga-Martinez, 596 U.S. 573, 578-79 (2022) (after removal period expires, "the Government 'may' detain only four categories of people" as set forth in § 1231(a)(6)).

In the context of reinstated removal orders, the 90-day removal period begins to run on the date "when petitioner's prior removal order [is] reinstated." T.M. v. Warden of the Golden State Annex, No. 1:26-CV-03789-TLN-CSK, 2026 WL 2210030, at *2 (E.D. Cal. July 31, 2026); A.G. v. Warden of the California City Det. Facility, No. 1:26-CV-2499-TLN-JDP, 2026 WL 1457552 (E.D. Cal. May 22, 2026); see also Alva v. Kaiser, No. 25-CV-06676-RFL, 2025 WL 2419262, at *3 (N.D. Cal. Aug. 21, 2025) (finding same); Castillo v. Chestnut, No. 1:25-CV-01296-SAB-HC, 2026 WL 121652, at *13 (E.D. Cal. Jan. 16, 2026) (finding same). The Ninth Circuit has also made clear that detention under 8 U.S.C. § 1231(a)(2), which is limited in duration, "passes constitutional scrutiny." Khotesouvan v. Morones, 386 F.3d 1298, 1301 (9th Cir. 2004).

For petitioner, the ninety-day removal period began the day his removal order was reinstated, which appears to be June 19, 2026, based on the records provided by respondents. See ECF No. 8-2 (Form I-871); 8 U.S.C. § 1231(a)(1)(B); Guzman Chavez, 594 U.S. at 534 (noting that noncitizens were "ordered removed" when their prior removal orders were reinstated). Accordingly, the undersigned finds that petitioner was subject to mandatory detention and was lawfully detained pursuant to 8 U.S.C. § 1231(a) during the 90-day removal period following June 19, 2026.

It also appears that, during those 90 days, DHS complied with the applicable regulations after petitioner expressed fear of returning to his home country. A noncitizen who "'expresses a fear of returning to the country designated' in the reinstated order of removal . . . must be 'immediately referred to an asylum officer for an interview to determine whether the [noncitizen] has a reasonable fear of persecution or torture.'" Andrade-Garcia v. Sessions, 828 F.3d 829, 832

(9th Cir. 2016) (quoting 8 C.F.R. § 241.8(e)). "If the officer decides that the [noncitizen] does have a reasonable fear of persecution or torture, the case is referred to an immigration judge ('IJ') for full consideration of the request for withholding of removal only." Ayala v. Sessions, 855 F.3d 1012, 1015 (9th Cir. 2017) (citation and some internal quotation marks omitted); 8 C.F.R. § 208.31(e). "If, however, 'the asylum officer decides that the [noncitizen] has not established a reasonable fear of persecution or torture,' then the [noncitizen] is entitled to appeal that determination to an IJ." Ayala, 855 F.3d at 1015-16 (citation omitted); 8 C.F.R. § 208.31(g). "On appeal, if the IJ affirms the officer's negative fear determination, the case is returned to the [Department of Homeland Security] for removal, and the [noncitizen] is not entitled to appeal further to the [Board of Immigration Appeals]." Ayala, 855 F.3d at 1016 (citation and internal quotation marks omitted). The noncitizen may, however, petition the Ninth Circuit for review of a negative reasonable fear determination. Id.

Here, after petitioner expressed fear of persecution or torture should he be removed to Guatemala, he was interviewed by an asylum officer on June 30, 2026. ECF No. 8-3. When the asylum officer determined petitioner had not established a reasonable fear of persecution or torture (ECF No. 8-3), petitioner appealed to an immigration judge, who considered petitioner's testimony on July 17, 2026, but ultimately concurred with the asylum officer's finding. ECF No. 8-4. The IJ's determination was not appealable to the Board of Immigration Appeals, and petitioner did not petition the Ninth Circuit for review. See 8 C.F.R. § 1208.31(g)(1).

Accordingly, petitioner does not appear to be entitled to habeas relief on his federal due process claim stemming from his initial detention or the administrative proceedings that followed. The remaining question is whether his detention has become unreasonably prolonged.

B. The Zadvydas Presumption Applies

As noted above, petitioner's removal order was reinstated on June 19, 2026, when the 90-day removal period began to run. Petitioner filed his petition for a writ of habeas corpus only a few weeks later, on July 6, 2026. ECF No. 1. Although petitioner was well within the 90-day removal period when he initiated this action on July 6, 2026, and therefore subject to mandatory detention, the removal period expired on September 17, 2026. See 8 U.S.C. § 1231(a)(2);

Guzman Chavez, 594 U.S. at 528 ("During the removal period, detention is mandatory.") (citing 8 U.S.C. § 1231(a)(2)).

Petitioner "may be detained beyond the removal period" if the Attorney General determines that he is a risk to the community or unlikely to comply with the order of removal. See 8 U.S.C. § 1231(a)(6). Respondents may continue to detain petitioner for "a period reasonably necessary to bring about [his] removal from the United States." Zadvydas v. Davis, 533 U.S. 678, 689 (2001).[2] "[T]he presumptive period during which the detention of [a noncitizen] is reasonably necessary to effectuate his removal is six months; after that, the [noncitizen] is eligible for conditional release if he can demonstrate that there is 'no significant likelihood of removal in the reasonably foreseeable future.'" Clark v. Martinez, 543 U.S. 371, 378 (2005) (quoting Zadvydas, 533 U.S. at 701).

Here, petitioner's detention of under four months is still well within the presumptively reasonable period articulated by the Supreme Court in Zadyvdas, and therefore is not prolonged. See Zadvydas, 533 U.S. at 701 (identifying a six-month period of detention as presumptively reasonable); see also Dieujuste v. Chestnut, No. 1:26-CV-06729 TLN SCR, 2026 WL 2754499, at *2 (E.D. Cal. Sept. 17, 2026) (dismissing habeas petition without prejudice where "petitioner's detention of just over four months is not prolonged").

Because petitioner's detention is not yet prolonged, he is not entitled to habeas relief at this time. The undersigned therefore recommends that the petition for writ of habeas corpus (ECF No. 1) be denied without prejudice to the filing of a new habeas petition if and when petitioner's detention becomes prolonged or there is no significant likelihood of removal in the

---

[2] In Zadvydas, the United States Supreme Court considered prolonged immigration detention following a final order of removal under § 1231(a)(6). 533 U.S. 678 (2001). Although the government has statutory authority to detain noncitizens for removal, "once removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute." Id. at 699. The Supreme Court recognized a presumptively reasonable six-month period of detention after a removal order has been issued. Id. at 701. Additionally, "for detention to remain reasonable, as the period of prior post removal confinement grows, what counts as the 'reasonably foreseeable future' conversely would have to shrink." Id. The Zadvydas Court established a burden-shifting framework: "After this 6-month period, once the [noncitizen] provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the [g]overnment must respond with evidence sufficient to rebut that showing." Id.

reasonably foreseeable future. See Ilia K. v. Warden of the Mesa Verde Det. Ctr., No. 1:26-CV-02428 TLN AC, 2026 WL 1831147, at *4 (E.D. Cal. June 25, 2026) (dismissing habeas petition without prejudice and ordering that "[i]f Respondents do not act swiftly to effect Petitioner's removal, Petitioner may file a subsequent Petition for Writ of Habeas Corpus").

CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's motion to appoint counsel (ECF No. 3) is DENIED as moot.

IT IS HEREBY RECOMMENDED that:

1. Petitioner's petition for writ of habeas corpus (ECF No. 1) be DENIED without prejudice.
2. The Clerk of the Court be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). The undersigned finds that a shortened objection period is warranted in this case given the nature of the relief at issue as well as the fact that the parties have had sufficient time to submit all of their arguments in written briefs. See United States v. Barney, 568 F.2d 134, 136 (9th Cir. 1978) (per curiam) (stating that 28 U.S.C. § 636(b)(1) sets the maximum objection period and not the minimum); see also Local Rule 304(b). Within **seven** days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: October 8, 2026

Allison Claire

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE